UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

   v.                                     Civil No. 10-cv-541-JD
                                     Opinion No. 2011 DNH 090

Land and Buildings Located at
22 Hartlen Avenue, Colebrook,
New Hampshire, with All Appurtenances
and Improvements Thereon,
Owned by Matthew Dimmitt


O R D E R

The government brought a forfeiture action against property owned by Matthew Dimmitt, pursuant to 21 U.S.C. § 881(a)(7). After receiving notice of the action, Dimmitt, proceeding pro se, filed a claim to the property on April 4, 2011. The government now moves to strike Dimmitt's claim because it is not verified, as required by Supplemental Rule G(5)(a) for Admiralty or Maritime Claims and Asset Forfeiture Actions, and because Dimmitt failed to file an answer, as required by Supplemental Rule G(5)(b). Dimmitt has not filed a response to the government's motion.

Once the government files and provides notice of a forfeiture action, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supp. Rule

G(5)(a)(I). To be effective, the claim must identify the property, identify the claimant, state the claimant's interest in the property, "be signed by the claimant under penalty of perjury[,]" and be served on the government's attorney designated under Supplemental Rule G(4). Supp. Rule G(5)(a)(I). A claim must be filed within the time allowed under Supplemental Rule G(5)(a)(ii). In addition, Supplemental Rule G(5)(b) requires a claimant to file an answer or a motion under Federal Rule of Civil Procedure 12 within twenty-one days after filing a claim.

The claim Dimmitt filed is not signed under penalty of perjury as required by Supplemental Rule G(5)(a)(I). The government represents that Dimmitt did not take advantage of the opportunities the government provided him to cure the defect in his claim. Dimmitt also failed to file an answer to the forfeiture complaint or a Rule 12 motion.

Dimmitt has not sought leave to file a verified claim or an answer and has not responded to the government's motion. As such, Dimmitt has not provided any basis for giving him an additional opportunity to meet the requirements of Supplemental Rule G(5). In the absence of grounds for leniency, courts require strict compliance with the Supplemental Rules. See, e.g., United States v. 2003 Volkswagen Passat, 2011 WL 1576223, at *3-*4 (E.D. Wash. April 26, 2011) (citing cases).

Because Dimmitt has not complied with the requirements of Supplemental Rule G(5) for a verified claim and an answer, his claim is struck.

## Conclusion

For the foregoing reasons, the government's motion to strike the claimant's claim (document no. 12) is granted.

The claim filed as document no. 7 is struck.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

June 2, 2011

cc: Matthew A. Dimmitt, pro se
    Robert J. Rabuck, Esquire